### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VALERIE BAINBRIDGE**<br><br>         Plaintiff,<br><br>     v.<br><br>**ACME MARKETS, INC.**<br><br>         Defendant. | **CIVIL ACTION NO.: 09-4683**<br><br><br>**Hon. Judge Edmund V. Ludwig** |

### DEFENDANT ACME MARKETS, INC.'S MOTION
### TO COMPEL MEDICAL INFORMATION

Pursuant to FED. R. CIV. P. 37, Defendant Acme Markets, Inc. ("Acme") respectfully moves the Court to compel Plaintiff Valerie Bainbridge ("Plaintiff") to (1) provide complete responses to Defendant's Interrogatories No. 12 and 13 and Document Request No. 19; (2) sign and return Defendant's proposed authorization forms to release Plaintiff's medical records within five (5) days of this Order; and (3) cooperate with the production of such records. Acme incorporates herein, in support of this Motion, the facts and arguments set forth in the parties' Joint Statement of Discovery Disputes Submitted in Connection with Defendant's Motion to Compel Medical Information.

        Respectfully submitted,

        /s/ *Jeffrey F. Klamut (jfk8141)*
        Elizabeth A. Malloy
        Jeffrey Klamut (#206367)
        Buchanan Ingersoll & Rooney PC
        Two Liberty Place
        50 S. 16th Street, Suite 3200
        Philadelphia, PA  19102-2555
        Attorneys for Defendant
Dated:  June 11, 2010        Acme Markets, Inc.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VALERIE BAINBRIDGE** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **ACME MARKETS, INC.** : <br> : <br> **Defendant.** : <br> : <br> : | CIVIL ACTION NO.: 09-4683 |

**PLAINTIFF AND DEFENDANT'S JOINT STATEMENT OF
DISCOVERY DISPUTES SUBMITTED IN CONNECTION WITH
DEFENDANT'S MOTION TO COMPEL MEDICAL INFORMATION**

Defendant Acme Markets, Inc. ("Acme"), hereby submits this Joint Statement of Discovery Disputes, per the Court's instruction at the Rule 16 conference held on June 3, 2010.

This is an employment discrimination case in which Plaintiff Valerie Bainbridge seeks back pay and compensatory damages, including "[d]amages for pain and suffering, humiliation and embarrassment" in conjunction with her resignation from Acme Markets. Plaintiff has a history of stress and anxiety and was treated for depression, among other medical conditions, prior to, during and after the events alleged in her Complaint. Despite the proximity of such treatment to her employment and resignation from Acme, Plaintiff has refused to respond in full to Acme's requests for medical information and has further refused to sign authorizations to allow Acme to access her medical records. All the while, Plaintiff alleges that her distress and physical manifestations including "gastric upset and other gastro-intestinal symptoms" and "headaches and other symptoms" are due solely to actions allegedly taken by Acme, rather than one of the many preexisting or concurrent causes of which she is refusing to permit discovery.

As a result of Plaintiff's refusal to permit or provide information relevant to her own claims, Acme, must file the instant motion and respectfully requests that the Court order Plaintiff to provide medical information and sign medical authorizations in accordance with Interrogatories 12-13 and Document Request 19.

## II. Defendant's Motion to Compel Medical Information

### A. Defendant's Interrogatory 12

12. Identify any documents you are relying upon and/or any person with knowledge of the facts which may support the allegations in Paragraphs 100, 104, 114, 124 and subpart (b) the "Wherefore" Clause of the Complaint regarding emotional damages, and other for each individual:

   (a) identify his/her name, present address and present telephone number;

   (b) identify, if known, the source of his/her facts; and

   (c) the substance of facts known by such person.

**Plaintiff's Response:**

Valerie Bainbridge, Barry Bainbridge, Yolanda Perez, Patty Szelak, John Malewicki. Mrs. Bainbridge told her doctors about her distress over her work situation:

| | |
|---|---|
| John J. Aylward, | M.D. Kelly Geary, D.O. |
| 600 Church St. | 1569 Medical Drive, Suite 104 |
| Royersford, Pa. 19468 | Pottstown, PA 19464 |
| 610 948 4298 | 610-705-3800 |

Mrs. Bainbridge has knowledge of the fact supporting these paragraphs. Mrs. Bainbridge experienced gastric upset and other gastro-intestinal symptoms during the time that Martha Thornley and Kim Walsh were issuing disciplinary warnings to her and pressuring her to step down. Mrs. Bainbridge will testify regarding how Acme's discriminatory treatment of her affected her emotionally, and caused her distress. After Acme forced Mrs. Bainbridge out of the Office Coordinator job, Mrs. Bainbridge suffered from depression, excessive weeping, headaches and other symptoms. She visited her primary care doctor and later a neurologist who both concluded that she was depressed about her job. She spoke to both doctors about her problems at work.

Documents supporting these allegations may be found in Mrs. Bainbridge's medical records which are being produced with these responses.

### B. Defendant's Interrogatory 13

13. <u>Identify</u> all medical doctors, psychiatrists, psychologists, therapists, social workers, counselors, nurse practitioners, and all other health and mental healthcare professionals whom you have visited, consulted, or sought

3

treatment from at any time during the period from December 17, 2005 to the present, to be supplemented through the date of trial, and for each individual:

    (a)    <u>identify</u> his/her name, present address and present telephone number;

    (b)    <u>state</u> the date and reason for each visit, consultation or treatment;

    (c)    <u>state</u> the diagnosis, if any, given at each visit, consultation or treatment with each individual; and

    (d)    <u>identify</u> all <u>documents</u> which mention, discuss, describe, relate to, support, refer to or embody any conversation, consultation or treatment with said individual, including but not limited to, <u>communications</u> or reports of any kind.

    (e)    execute a release for the health care practitioners identified in <u>your</u> Answer to this Interrogatory. [Enclosed herein for execution by Plaintiff and return to the undersigned Counsel are medical record release authorizations for those medical care personnel and facilities used by her and/or identified in her self-executing initial disclosures pursuant to Federal Rule of Civil Procedure 26].

**Plaintiff's Response**

       Mrs. Bainbridge objects to the interrogatory has overbroad, burdensome and harassing and not reasonably calculated to lead to the discovery of admissible evidence. This request is a wholesale fishing expedition in to Mrs. Bainbridge's entire medical history which is inappropriate.

       Without waiving these objections, Mrs. Bainbridge will produce medical records obtained from her health care providers that specifically relate to the depression caused by Acme for which she was treated. Mrs. Bainbridge declines to sign the medical authorizations unless they are narrowed to include only records regarding her treatment for depression.

**C.    Defendant's Document Request 19**

    19.    Each and every <u>document</u> that mentions, memorializes, reflects, discusses, describes, relates to, refers to or embodies in any way discussions, e-mails or <u>communications</u> that <u>you</u> had at any time with any medical doctors, psychiatrists, psychologists, therapists, social workers, counselors, nurse practitioners, or other health and mental healthcare professionals regarding the conditions referenced in <u>your</u> Complaint.

4

**Plaintiff's Response**

Mrs. Bainbridge objects to this request to the extent that it seeks information beyond the scope of permissible discovery in this matter, is an invasion of privacy and is an overreaching fishing expedition into Mrs. Bainbridge's medical history. Without waiving these objections, Mrs. Bainbridge is producing medical records responsive to this request.

### III.  Defendant's Argument

#### A.  *Factual Background*

On October 13, 2009, Plaintiff filed a 124 paragraph Complaint against Acme alleging age discrimination, overtime violations and "[d]amages for pain and suffering, humiliation and embarrassment." On January 29, 2010, Acme served its first set of interrogatories and requests for production of documents upon Plaintiff. Among these requests, Interrogatory 12 asked Plaintiff to identify individuals with knowledge that might support her claims of emotional distress. Plaintiff identified, among other individuals, Doctor John J. Aylward, M.D. and Doctor Kelly Geary, D.O., and stated that "[s]he visited her primary care doctor and later a neurologist who both concluded that she was depressed about her job. She spoke to both doctors about her problems at work."

Plaintiff also blames Acme for various general symptoms, including "gastric upset and other gastro-intestinal symptoms" and "depression, excessive weeping, headaches and other symptoms." However, when Defendants requested more complete information in Interrogatory Number 13, Plaintiff refused to respond. Initially, the "medical records" produced by Plaintiff, on Plaintiff's terms, consisted of a few loose papers containing barely legible notes regarding Plaintiff's depression, some of which appear to *predate* the accusations in Plaintiff's Complaint. This response only begs the question as to the source and causes of Plaintiff's alleged depression now attributed to Acme.

On March 23, 2010, Acme addressed Plaintiff's deficient response to its discovery regarding medical records. In a response dated April 15, 2009, Plaintiff referred to the scant records she had previously supplied and responded that Acme's request for release of medical records "is simply an intrusive invasion of Mrs. Bainbridge's privacy with little or no relevance to this suit. Mrs. Bainbridge is willing to execute a medical authorization as long as it is related to the condition, i.e., depression, for which she sought treatment . . ."

On May 5, 2010, Plaintiff agreed to produce additional records that "we have that relate to the conditions for which Valerie Bainbridge seeks compensatory damages, namely, depression and gastric upset symptoms." Plaintiff stated that she had obtained "all of Dr. Aylward's records and will produce the relevant ones from those." Plaintiff had not, at that point, obtained Dr. Geary's records, but stated she would follow up. Plaintiff also stated that she had not sought treatment from a psychotherapist. On Wednesday June 9, 2010, Acme received additional documents that Plaintiff received from Doctor Aylward. Acme does not know exactly which documents, or for what timeframe, Plaintiff requested from Dr. Aylward. Moreover, Acme seeks to obtain the medical records *directly* from Dr. Aylward and Dr. Geary by way of the authorization forms Plaintiff refuses to sign.[1]

### B.    *Legal Argument*

Plaintiff's objections to Acme's requests for medical records are without foundation and obviated by the emotional distress and physical ailments she attributes solely to her alleged treatment by Acme. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Here, the information sought by Acme satisfies both of the Rule's requirements. First, Plaintiff has waived any privilege associated with the requested information

---

[1] The blank medical authorization form is attached to this motion as Exhibit "A".

6

by placing her mental health history at issue. Second, the medical information requested is inherently relevant to her claims of emotional injury and alleged physical manifestations thereof.

Plaintiff does not object, nor could she, that her medical records are protected under a physician -patient privilege. This Court has consistently held that a request for damages for emotional distress effectively waives such privilege. Waggaman v. Villanova Univ., No. 04-4447, 2006 WL 2045486, *2 (E.D. Pa. Jul. 14, 2006) (holding that nothing more than a request for damages based on emotional distress is required to waive the privilege); McAllister v. Royal Caribbean Cruises, Ltd, No. Civ.A.02-2393, 2005 WL 151925, * 1 (E.D. Pa. Jan. 20, 2005) ("[W]hen a party places his or her mental status at issue, such as by claiming damages resulting from emotional distress, that privilege is waived."); Payne v. City of Phila., No. Civ.A.03-3919, 2004 WL 1012489, * 2 (E.D. Pa. May 5, 2004) ("When a plaintiff claims damages resulting from emotional distress, the opposing party is entitled to the Plaintiff's mental health records."); Lanning v. Se. Pa. Transp. Auth., Nos. Civ. A. 97-593, Civ. A. 97-1161, 1997 WL 597905, *2 (E.D. Pa., Sept. 17, 1997) ("Defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in party by events and circumstances that were [unrelated to the facts of the case]."). This broad waiver of both physician and psychotherapist-patient privileges applies even in cases where only "garden variety" emotional distress claims are alleged and no expert testimony is envisioned. McKinney v. Delaware County Mem. Hosp., No. 08-1054, 2009 WL 750181, *5 (E.D.Pa. Mar. 20, 2009).

Given that Plaintiff has filed this lawsuit based, in part, on her alleged mental and physical condition, her objections as to the relevancy of medical records are unavailing. See FED R. EVID. 401; Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131 (E.D. Pa. 2001). In Sanchez, this Court granted a motion to compel medical records of a Title VII plaintiff alleging emotional

7

injury from alleged unlawful termination. Id. In doing so, this court concluded that such evidence was relevant because "[i]f the records show that certain stress factors pre-dated [the plaintiff]'s termination, or that other factors unrelated to this litigation occurred after the termination, then Defendant could show that Plaintiffs' claims are either baseless, overblown or insubstantial." Id. at 136; see also McKinney, 2009 WL 750181 at *6 ("[T]his Court cannot allow Plaintiff to assert a claim for emotional distress damages and simultaneously disallow Defendants to discover information into the possible causes of that stress."); Smith v. Cent. Dauphin Sch. Dist., No. 1:05-CV-01003, 2007 WL 188569, *2 (M.D. Pa. Jan 27, 2007) ("Evidence on the other causes could lead to reduced liability or complete exoneration for a defendant alleged to have caused injury to a plaintiff's mental health."); Payne, 2004 WL 1012489 at * 3 (concluding that "the mental health records sought by defendants are relevant as they may suggest whether plaintiff's emotional injuries are due to circumstances prior to or a result of the incident at issue, or whether he suffered such injuries at all."). Thus, Acme is entitled to discover evidence on any other causes that could have lead to Plaintiff's emotional and physical symptoms. This compels production of Plaintiff's medical records.

Acme's interrogatory regarding medical records is limited to the period from December 17, 2005 to the present. It is both well reasoned and well tailored because of the vague nature of Plaintiff's claims of distress, headaches and gastric upset, which could be attributable to a variety of other causes over an extended period of time. Interrogatory No. 13 dates from the period beginning one-year prior to Plaintiff's position as an Office Coordinator, through the period covering her allegations, to the present. Despite Plaintiff's knee-jerk mischaracterization of such discovery as a "wholesale fishing expedition," Acme has requested Plaintiff to provide only a

limited view into Plaintiff's preexisting conditions, and the opportunity to learn more about the alleged distress and symptoms, their severity and potential causes, as they allegedly occurred.

Plaintiff's attempt to pick and choose medical documents based on her own subjective assessment of the quantum and causes of her alleged symptoms is improper. Plaintiff is neither permitted nor qualified to determine which medical records pertain to such vague conditions. Indeed, there may be other causes (such as a car accident about which Plaintiff has already testified), conditions, medications and tests, which bear on Plaintiff's alleged conditions as well as the issue of causation. Indeed, "[i]t would be unfair to allow Plaintiff[] to unilaterally determine the amount of harm Defendant caused, without allowing the Defendant or the fact-finder to argue, consider and weigh other relevant factors of emotional stress." Sanchez, 202 F.R.D. at 136; see also Thorne v. Universal Props., Inc., Civ. A. No. 86-0333. 1987 WL 7683, *2 (E.D.Pa. March 10, 1987) ("If a plaintiff seeks damages for alleged emotional or psychological injuries, the defendant's case ought not be limited by the plaintiff's decision not to introduce available medical or psychological testimony that bears directly on the truth of the claim.").

Accordingly, it is respectfully requested that Plaintiff be ordered to respond in full to Interrogatory Nos. 12 and 13, including the completion of medical record releases, and Document Request No. 19, or, alternatively, that her claims related to emotional damages and physical manifestations thereof be stricken.

**Plaintiff's Argument**: Defendant's Motion to Compel is completely unnecessary because plaintiff has responded to defendant's discovery requests and produced medical records. On June 7, 2010, by priority mail, Mrs. Bainbridge sent a complete set of all the medical records she obtained from Dr. Aylward, her primary care physician. The records from Dr. Aylward include all of the records in Mrs. Bainbridge's file since she began seeing him as her primary

9

care doctor in 1999.  Mrs. Bainbridge has no other records.  Dr. Geary has not given Mrs. Bainbridge any medical records, but information regarding Mrs. Bainbridge's treatment with Dr. Geary for depression is included in Dr. Aylward's records.  Plaintiff is attempting to obtain records from Dr. Geary who has delayed in responding to plaintiff's request.

Plaintiff has never refused production of medical records relating to her treatment for the conditions she alleged Acme caused.  Plaintiff has objected to Interrogatory No. 13 and to the overbroad medical authorizations that seek an inquiry into *every* doctor and treatment received for the past five years, regardless of whether such visits or treatment have anything to do with the conditions that Mrs. Bainbridge alleges Acme caused.  Secondly, Mrs. Bainbridge had limited her response to the depression because she sought treatment for the depression.  Although Mrs. Bainbridge discussed her gastro-intestinal symptoms with her primary care doctor, she did not receive any treatment of those symptoms.  Finally, Mrs. Bainbridge *never sought treatment from a mental health provider* for her depression.  She received treatment from her family doctor and neurologist only. Plaintiff identified those physicians in response to Interrogatory No. 12.  The only other health care providers plaintiff has seen in the past five years are those who treated her for injuries received in an automobile accident in October 2009 which occurred after the events at issue in this lawsuit and are wholly unrelated to this lawsuit.

Despite receiving plaintiff's medical records, defendant continues to insist that Mrs. Bainbridge sign medical authorizations that are completely overbroad and harassing and designed to annoy and embarrass Mrs. Bainbridge. Mrs. Bainbridge has informed defendant that she will sign authorizations for records relating to the conditions she alleged Acme caused and for which she sought treatment, namely depression.  Mrs. Bainbridge will also sign authorizations for records relating to any gastro-intestinal conditions, even though she did not

10

seek treatment for her symptoms at the time she worked at the West Chester Acme or the Westtown Acme. Since plaintiff has already provided all of the records she obtained from Dr. Aylward, a blanket authorization for him is duplicative and harassing.

Defendant's position that Mrs. Bainbridge brought this suit *because of* her mental state is absurd. This is an employment discrimination lawsuit in which, as part of her damages, Mrs. Bainbridge alleges that Acme's conduct caused her emotional distress including depression and physical symptoms consistent with irritable bowel syndrome. Mrs. Bainbridge does not dispute the relevancy of records relating to these conditions. She does dispute defendant's ability to root through all of her medical records from the past five years which would include information wholly unrelated to this lawsuit. Defendant is using a typical tactic designed to intimidate and discourage plaintiffs from bringing discrimination lawsuits and this Court should not support such a tactic. Even so, plaintiff has already produced all of her records from her primary care provider.

While courts in this district have ordered production of medical records, they have not ordered the wholesale production that defendant seeks in this case. Rule 26 does not permit an employer to have unfettered access to plaintiff's entire medical history in a discrimination case. Rather, courts have limited the production to those records that show treatment for the specific conditions at issue, not the entirety of medical history. *See e.g. McKinney v. Delaware County Memorial Hospital*, No. 08-1054, ( E.D Pa. March 20, 2009) (ordering production of medical records that related only to defendant's conduct and resulting emotional distress); *Sharif v. Astra-Zeneca*, No. 00-3285 ( E.D.Pa. May 16, 2001) (holding that plaintiff had adequately responded to defendant's request for medical records when plaintiff had identified physicians with whom he

had treated and provided the records relating to such treatment). *See also, Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994).

Not a single case that defendant cites in its brief requires a discrimination plaintiff to turn over her complete medical history. To the contrary, *Waggaman v. Villanova Univ.,* No. 04-4447, 2006 WL 2045486, *2 (E.D. Pa. Jul. 14, 2006), involved only psychiatric treatment notes and were submitted for *in camera* inspection for a relevancy determination. The plaintiffs in *McAllister v. Royal Caribbean Cruises, Ltd*, No. Civ.A.02-2393, 2005 WL 151925, * 1 (E.D. Pa. Jan. 20, 2005) asserted separate claims for negligent and intentional infliction of emotional distress and the records at issue involved treatment records from a psychiatrist. *See also Smith v. Cent. Dauphin Sch. Dist.*, No. 1:05-CV-01003, 2007 WL 188569, *2 (M.D. Pa. Jan 27, 2007) (ordering production of psychiatric records for *in camera* inspection so that Court could protect plaintiff's privacy interests and redact irrelevant material).

None of the courts in the cases cited by defendant ordered an unfettered fishing expedition into plaintiff's entire medical history. In fact, in *Lanning v. SEPTA*, Nos. Civ. A. 97-593, Civ. A. 97-1161, 1997 WL 597905, *2 (E.D. Pa., Sept. 17, 1997), the court specifically cautioned that defendants cannot engage in overbroad discovery. "In allowing defendants to inquire into plaintiffs' medical and psychiatric records, however, it must be emphasized that defendants may not engage in a fishing expedition by inquiring into matters totally irrelevant to the issue of plaintiffs' physical state at the time of the test at issue or plaintiffs' emotional distress." Thus, the court *limited* inquiry only to those issues which were relevant to the lawsuit.

Plaintiff has produced more medical records than required under existing case law and has identified her treating physicians. Defendant is seeking to require plaintiff to sign medical authorizations to obtain duplicative records. If this Court were to require plaintiff to sign the

authorizations, plaintiff contends they should be limited to the conditions at issue in the suit. Alternatively, at a minimum, the authorizations should be limited in time to avoid unnecessary prying into plaintiff's medical history.

                        Respectfully submitted,

*(signed as to Defendant's argument)*        *Jeffrey F. Klamut  (jfk8141)*
                                            Elizabeth A. Malloy
                                            Jeffrey Klamut
                                            Buchanan Ingersoll & Rooney
                                            Two Liberty Place
                                            50 S. 16th Street Suite 3200
                                            Philadelphia, PA 19102-2555


                                            Attorney for Defendant
                                            Acme Markets, Inc.


                                            s/ Marian K. Schneider
(*signed as to plaintiff's argument*)    Marian K. Schneider
                                            Attorney-at-Law
                                            I.D. No. 50337
                                            295 E. Swedesford Road, #348
                                            Wayne, PA 19087
                                            Tel. 610-644-1925
                                            **Attorney for Plaintiff**


Dated: June 11, 2010

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VALERIE BAINBRIDGE**  Plaintiff,  v.  **ACME MARKETS, INC.**  Defendant. | CIVIL ACTION NO.: 09-4683  Hon. Judge Edmund V. Ludwig |

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1(f)

Counsel for Acme Markets, Inc., Elizabeth A. Malloy and Jeffrey Klamut, state that they have conferred with counsel for Plaintiff, Marian K. Schneider, in an attempt to resolve this discovery dispute. Acme incorporates herein, the facts and arguments set forth in the parties' Joint Statement of Discovery Disputes Submitted In Connection With Defendant's Motion to Compel Medical Information documenting efforts to resolve this dispute. Additionally, Acme notes that two days prior to the day of this Motion, Defendant received additional documents from Plaintiff. On the day of this Motion the parties conferred via e-mail. However, as of the time of the filing of this Motion, Plaintiff has not provided full responses to the discovery moved upon, has not amended Interrogatory Answers and has not signed medical release authorization forms. The parties have been unable to resolve the disputes set forth in the foregoing Motion.

                                                                      */s/ Elizabeth A. Malloy*          *(EM962)*
                                                                      */s/ Jeffrey F. Klamut*           *(jfk8141)*
                                                                      Elizabeth A. Malloy
                                                                      BUCHANAN INGERSOLL & ROONEY PC
                                                                      Two Liberty Place
                                                                      50 S. 16th Street, Suite 3200
                                                                      Philadelphia, PA   19102-2555
                                                                      (215) 665-5310
                                                                      Attorneys for Defendant,
Dated:  June 11, 2010                         Acme Markets, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2010, I caused to be served a true and correct copy of Defendant Acme Market, Inc.'s Motion To Compel Medical Information, Plaintiff and Defendant's Joint Statement of Discovery Disputes Submitted In Connection With Defendant's Motion to Compel Medical Information, Certificate of Compliance with Local Rule 26.1(f) and proposed Order to be filed via the Official Court Electronic Document Filing System and thus is available for viewing, and served upon the following counsel of record by virtue of this filing.

Marian K. Schneider
Law Office of Marian K. Schneider
295 E. Swedesford Road, #348
Wayne, PA 19087


_s/ Jeffrey Klamut_            _(JFK8141)_
Jeffrey F. Klamut