LAW OFFICE OF
# MARIAN K. SCHNEIDER
295 E. SWEDESFORD ROAD, #348
WAYNE, PA 19087

TEL. 610-644-1925
FAX. 610-722-0581

MOBILE. 610-420-0632
EMAIL. marianesq@mac.com

July 8, 2011

***VIA FAX (215-580-2142)***

The Hon. Edmund V. Ludwig
United States District Court, E.D. Pa.
U.S. Courthouse, Room 5118
601 Market Street
Philadelphia, PA 19106-1797

RE:   ***Valerie Bainbridge v. Acme Markets, Inc., No. 09-4683 (USDC E.D. Pa.)***

Dear Judge Ludwig:

      I represent the plaintiff, Valerie Bainbridge, in the above matter. I am writing in response to defendant's letter to you dated July 8, 2011 regarding plaintiff's Motion for Sanctions. Plaintiff objects to defendant's request to avoid its obligation to respond to plaintiff's motion.

      Defendant's letter makes certain assumptions and asks the Court for relief in the nature of striking plaintiff's motion without citing to a single rule or case that would entitle defendant to the relief it seeks. Plaintiff's Motion for Sanctions is a proper motion and nothing in the Rules required plaintiff to seek leave before filing it. Likewise, nothing in the Court's prior orders, including Judge Caracappa's December 21, 2010 order, precluded the filing of the Motion for Sanctions. Accordingly, defendant must respond in accordance with, and within the time permitted, by Local Rule of Civil Procedure 7.1.

      While plaintiff certainly does not wish to waste judicial resources, plaintiff filed the motion for sanctions so that the Court could consider it at the same time that the Court decides defendant's summary judgment motion. As discussed in plaintiff's brief, if plaintiff is entitled to an adverse inference jury instruction, that inference, coupled with the evidence of discrimination already submitted, could allow plaintiff to defeat summary judgment. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001); *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998). Such motions for sanctions are often considered alongside of summary judgment motions. *See, e.g., Centimark Corp. v. Pegnato & Pegnato Roof Management, Inc.*, 2008 WL 1995305 (W.D.Pa. May 6, 2008); *Baliotis v. McNeil*, 870 F. Supp. 1285, 1292 (M.D. Pa. 1994).

Hon. Edmund V. Ludwig
July 8, 2011
Page 2 of 2

    Accordingly, plaintiff opposes defendant's highly irregular request that the court "strike" her motion. Defendant must respond to the motion in the time allotted and in the format required under the Rules.

Respectfully submitted,

*Marian K. Schneider*

Marian K. Schneider

cc: Elizabeth Malloy, Esq.