IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE BAINBRIDGE, | : | CIVIL ACTION |
| | : | |
| VS. | : | |
| | : | |
| ACME MARKETS, INC. | : | No. 09-4683 |

## ORDER

AND NOW, this 15th day of July, 2011, upon referral of Plaintiff's Motion for Sanctions against Defendant Acme Markets, Inc. for Spoliation of Evidence, (Doc. No. 48) by the Honorable Edmund V. Ludwig (Doc. No. 49), this court emphasizes that the issues raised in this motion have been raised in prior discovery issues referred to this court. (See Joint Submission on Outstanding Discovery Disputes and Discovery Deadlines, Doc. No. 24).[1] This court is familiar with the facts and salient issues in this case, after having held settlement conferences on May 27, 2010, and February 17, 2011, and having managed discovery disputes since July 29, 2010 (Doc. No. 23). In lieu of a formal reply by Defendant, Acme Markets, Inc., we consider Defendant's letters to the court dated July 8, 2011, and July 11, 2011 (Doc Nos. 50, 52), as sufficient reply. There is no need for further responsive pleadings or a hearing on the issues presented in Plaintiff's Motion for Sanctions.

---

[1] When Judge Ludwig referred all outstanding discovery issues to this court, the following motions were outstanding in part: Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents (Doc. No. 14), Plaintiff's Second Motion to Compel Responses to Plaintiff's Second Request for Production of Documents (Doc. No. 18), Defendant's Motion to Compel Medical Information (Doc. No. 20), and Defendant's Motion for Protective Order (Doc. No. 22).

In consideration of Plaintiff's motion and Defendant's request by letter that said motion be stricken or that the court defer ruling until summary judgment is ruled on, we find the following:

1. Plaintiff requests that Defendant be precluded from offering testimony about Plaintiff's poor performance as plaintiff's personnel file was destroyed within months of plaintiff leaving Defendant Acme's employ in July 2008, and electronic mail concerning plaintiff was not preserved. Plaintiff's motion is GRANTED in this respect as discussed below, as we find such destruction is subject to sanctions.

    The EEOC charge which Defendant received in October 2008 appropriately put Defendant on notice to preserve records pertaining to Plaintiff's claims. We reject Plaintiff's contention that Defendant was put on notice earlier than October 2008, including the specific assertion that Defendant was put on notice in September 2007 when Plaintiff still held the position of Office Coordinator.

    Specifically, we find that it is appropriate to preclude any testimony by Defendant regarding Plaintiff's performance for the time period prior to June 2007, the date identified by Defendant as the beginning of Plaintiff's questionable time-card issues. Further, Defendant is precluded from testifying to the contrary about any performance-related issues not in connection with the disciplinary memos issued in 2007 or the loss prevention investigation.

    Additionally, Plaintiff seeks an adverse inference jury instruction. We GRANT Plaintiff's motion in this regard and, at a minimum, find that Plaintiff is entitled to an inference that the contents of Plaintiff's destroyed personnel file were favorable to Plaintiff.

2. Plaintiff requests that Defendant be precluded from introducing testimony regarding disciplinary memos issued to Plaintiff, including the factual basis for those memos. We DENY this part of the motion.

    We find that all parties have adequate testimony and history concerning the events surrounding the disciplinary memos. Further, as stated above, plaintiff is entitled to an adverse inference instruction that any documents that may have been contained in her personnel file concerning her performance are favorable to her.

3. Plaintiff requests that Defendant be precluded from using any surveillance video at trial as Defendant failed to preserve any surveillance video from the West Chester Acme. The motion is DENIED in this respect.

The court considered the issue of surveillance video and Plaintiff's request for surveillance videos of all West Chester Acme employees in advance of our discovery order issued November 10, 2011. This court found that video of other Acme employees was irrelevant and immaterial. Only video footage of Plaintiff's practices are germane to the issues in this case. Defendant was previously ordered to produce video footage from the specific dates of Plaintiff's shifts when Defendants raised a time clock issue.

4. In all other respects, including a request for attorneys' fees and costs, Plaintiff's Motion for Sanctions for Spoliation of Evidence is DENIED.

BY THE COURT:

Linda K. Caracappa
**United States Magistrate Judge**