IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE BAINBRIDGE | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-4683 |
| | : | |
| ACME MARKETS, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT ACME MARKETS, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE CARACAPPA'S ORDER OF JULY 15, 2011**

I.    **INTRODUCTION**

Defendant Acme Markets, Inc. ("Acme" or "Defendant") respectfully files this response to Plaintiff's Objections to Magistrate Judge Caracappa's July 15, 2011 Order on Plaintiff's Motion for Sanctions (hereinafter "Pl.'s Objections"). Despite its best efforts to prevent Plaintiff from further clogging the docket in this case, Acme is compelled to file this response due to Plaintiff's continued misrepresentations of the record and insistence on irrelevant allegations that do nothing to spare her claims from summary judgment.

By way of background, Acme has already demonstrated in its Motion for Summary Judgment that Plaintiff cannot demonstrate either a *prima facie* case of age discrimination or that the age—and not Plaintiff's documented performance problems and her admitted falsification of time records—was the reason for its actions. Plaintiff's arguments boil down to (1) her disagreement with her supervisors over her performance and (2) her belief that even though she was caught stealing time *red handed* and never complained to management about other

employees stealing time, Acme should have arbitrarily investigated younger employees to fish-out out similar violations. Both arguments are impractical and neither has any weight in an age discrimination case. The first is unavailing because it is not enough to simply disagree with an employer's rationale of poor performance, particularly when, as here, most of the underlying conduct—mishandling overtime, missing vacation/holiday pay and not submitting time card modification slips—is admitted. The second simply looses sight of what it means to be similarly situated with one's purported comparators.

## II. RELEVANT PROCEDURAL HISTORY

Undaunted by her inability to raise a genuine issue of fact for trial, Plaintiff filed a Motion for Sanctions against Acme for failing to immediately issue a litigation hold and for losing Plaintiff's personnel file. See Pl.'s Mot. for Sanctions, July 7, 2011, Docket No. 48 (hereinafter "Pl.'s Mot. for Sanctions"). The matter was referred to Magistrate Judge Caracappa, who issued an Order granting Plaintiff's request for sanctions barring Defendant from testifying about Plaintiff's poor performance prior to June 2007 and entitling Plaintiff to an inference that apart from the documented performance issues and discipline for stealing time, Plaintiffs' personnel file would have otherwise been favorable. See Order, Jul. 15, 2011, Docket No. 53, at 2 (hereinafter "Order"). Judge Caracappa explicitly denied Plaintiff's far-fetched attempt to prevent Acme from introducing documented performance issues and video footage showing Plaintiff leaving the store prior to her scheduled shift on several occasions. (Id. at pp. 2-3).[1] The Order also explicitly denied Plaintiff's request for attorneys' fees and costs and denied the Motion in all other respects. (Id. at 3).

---

[1] Page numbers of docketed filings refer to the page referenced in the document rather than the page referenced by the Electronic Filing System.

## IIII. <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 72(a), "[a] district court may reverse a Magistrate Judge's order only if it finds the ruling clearly erroneous or contrary to law." *Bailey v. City of Phila.*, 2003 WL 329157, at *2 (E.D.Pa. Feb. 13, 2003) (citing 28 U.S.C. § 636(b)(1)(A); FED.R.CIV.P. 72(a)). When a magistrate judge's decision involves a discretionary matter "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D.Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *Reish v. Pa. State Univ.*, 2011 WL 2015350, at *2 (M.D. Pa. May 24, 2011). This discretion, however, is guided by "certain basic principles." *Reish*, 2011 WL 2015350 at *2.

## IV. <u>ARGUMENT</u>

### A. <u>Plaintiff Should Not Have Been Awarded Any Sanctions In The First Place.</u>

Plaintiff has no reason to object to Judge Caracappa's Order. In fact, sanctions were not even appropriate in the first place. In determining whether to issue sanctions for spoliation, the Court considers "(1) the degree of fault of the party who altered or destroyed the evidence, (2) the degree of prejudice suffered by the opposing party, and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994). The first two requirements were never established to such as a degree to meet the definition of spoliation, let alone warrant sanctions.

3

As to the first requirement, "a finding of fault requires evidence that the party accused of spoliation *intended to impair the moving party's ability to uncover evidence.*" Miles v. Elliot, 2011 WL 857320, *6 (E.D. Pa. Mar. 10, 2011) (quoting Select Med. Corp. v. Hardaway, 2006 WL 859741, at * 9 (E.D.Pa. Mar. 24, 2006) (emphasis added)). "[I]t must appear that there has been an *actual suppression or withholding* of the evidence. *No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed.*" Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995) (emphasis added). These requirements are utterly lacking here. Plaintiff's personnel file was **lost**; it was not intentionally destroyed. There is not a shred of evidence or testimony to the contrary. In fact, Plantiff's own Motion for Sanctions concedes that the file had already been lost by the time Acme received Plaintiff's EEOC Charge. See Pl.'s Mot. for Sanctions, at p. 8. Furthermore, Associate Relations Manager, Stacy Slate, testified that when she received Plaintiff's Charge, she requested Plaintiff's personnel file, "looked for the actual physical file from the store" and then had Acme search *three (3) stores* the West Chester, Westown and West Goshen for the file but "they could not find it." (Slate, Dep. 239-40, attached here to as Exhibit "A"). Unable to locate the physical file, Acme produced to the EEOC and later in this litigation an electronically-scanned version of Plaintiff's personnel file. This conduct is diametrically opposed to that typically associated with suppression or withholding of documents. The fact that the file was lost prior to even the threat of litigation[2] also precludes a finding of impairing "evidence." Acme cannot be accused of "destroying" documents it did not have in order to impair evidence in a case that did not exist.

---

[2] Judge Caracappa rejected Plaintiff's argument that Acme was somehow on notice prior to October 2008. Additionally, with advice and consultation from her Union, Plaintiff signed a last chance agreement which contained a relese of all claims. Although Plaintiff dishonored the agreement by challenging its validity, it further demonstrates that Acme would not have foreseen litigation until much later.

4

As to the second requirement, Plaintiff never established that the lost personnel file or other evidence about which she now objects was *prejudicial* to her case. The existence of the electronically-scanned file forecloses any argument that Plaintiff's entire file was destroyed. While the scanned file may not have been as voluminous as Plaintiff's physical file, as it did not contain materials regarding Plaintiff's very early employment, it contained information relevant to Plaintiff's position as an *office coordinator* including Plaintiff's performance counseling memos. It was not until the Fall of 2006 that Plaintiff even began working as an office coordinator, a position she obtained at age 60. See Def.'s Statement of Facts ¶ 5, Apr. 1, 2011, Docket No. 35, at p. 2 (hereinafter Def.'s SOF). By December 2007, Plaintiff had left the West Chester store and ceased all office coordinator duties. *Id.* at ¶¶ 91, 96-97. Plaintiff's belief that her physical personnel file "would have contained more than three decades of performance evaluations" means nothing when she worked as an *office coordinator* for about a year. Nor does Plaintiff's performance have anything to do with the only adverse employment action in this case: Plaintiff's suspension for stealing time. See *Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.2d 509, 526 (3d Cir. 1992) ("A plaintiff does not establish pretext, however, by pointing to . . . commendation of the plaintiff, in categories the defendant says it did not rely upon.").

Because Plaintiff has not shown intentional destruction or prejudice, let alone relevance, she should not have been granted sanctions in the first place. At minimum, Plaintiff's objections should be denied as such. However, since Plaintiff choose to reopen the issue of which sanctions are appropriate,[3] this Court may now "set aside any part of the order that is clearly erroneous or

---

[3] Acme did not object to Judge Caracappa's Order. It does not affect the merits of Acme's motion for summary judgment, Acme would have no need to use at trial any testimony about Plaintiff's performance before June 2007 (which is what the Magistrate precluded) because it is not relevant, and in order to curb the already disproportionate

is contrary to law" by Ordering that no sanction or adverse inference is appropriate in the unseemly event Plaintiff's allegations go to trial. Fed. R. Civ. P. 72(a). Such an Order would be appropriate here, where the decision to award sanctions, no doubt due to Plaintiff's obfuscation of the facts, does not adhere to the "basic principles" articulated by the Third Circuit above.

### B. Plaintiff's Objections for *Additional* Sanctions Are Frivolous.

Plaintiff's argument that Judge Caracappa should have awarded *more* sanctions is far-fetched given that sanctions were inappropriate in the first place. Nevertheless, Plaintiff now complains that Judge Caracappa erred by (1) denying sanctions for "failing" to issue a written litigation hold; (2) denying sanctions relating to the "destruction" of "documents relating to the five disciplinary memos" (3) denying sanctions for denying attorney's fees. These claims are frivolous.

First, Plaintiff's argument that Acme should be sanctioned simply for Plaintiff's characterization of a delay in issuing a written litigation hold has no basis or legal support—not even in extra-jurisdictional cases Plaintiff cites. The reasoning for Plaintiff's lack of authority is simple: sanctions are not appropriate if the documents at issue were (1) destroyed or altered prior to the obligation for a litigation hold or (2) destroyed or altered after the obligation for a litigation hold, but nonetheless irrelevant. The first scenario lacks the element of "fault" and the second scenario lacks the element of prejudice. Here, Judge Caracappa correctly noted that the obligation to preserve documents arose when Acme received Plaintiff's charge in October 2008, over a year after Plaintiff stepped-down from the office coordinator position. By that time, the physical personnel file had already been lost. A timely litigation hold would not have made a difference. The remaining documents about which Plaintiff complains have already been

---

costs and fees accumulated in this case due to Plaintiff's lack of restraint, for which Plaintiff too bears the risk of adverse consequence.

deemed irrelevant. Plaintiff's attempt to magnify the generous sanctions she has already received without a showing of either "fault" or prejudice seeks a windfall, not an appropriate sanction.

Second, there is no merit to Plaintiff's objection to Judge Caracappa's finding that there is "adequate testimony and history" concerning the events surrounding the counseling memos Plaintiff received for poor performance. Plaintiff claims Judge Caracappa's "conclusion misses the fundamental unfairness of Acme's conduct." (Pl.'s Objections, at 7). Plaintiff's argument, however, misses the fundamental legal issue. The "issue is not whether [the defendant] had cause to [act], but rather whether it believed it had such cause and acted upon its belief." *Brokenbaugh v. Exel Logistics N.A., Inc.*, 174 Fed. Appx. 39, 45 (3d Cir. 2006). The testimony and history establish conclusively that Plantiff's counseling memos and her step-down were based on Acme's belief, held by at least three (3) *separate* individuals, that Plaintiff's performance was poor.

So long as Acme acted on the belief of Plaintiff's poor performance, it did not act "because of age." Plaintiff's belief that she could somehow vindicate her performance by retroactively disproving all the documents related to her performance warnings is meaningless. No reasonable juror could find Acme's decisionmakers did not believe Plaintiff's performance to be poor *at the time* they made their decisions. At least three witnesses, Mmms. Thornley, Slate and Donaghue independently testified as to their beliefs that Plaintiff's performance as an office coordinator was poor. Their reasons were over and above the documents about which Plaintiff complains. For example, Thornley referenced the performance warnings themselves, employee complaints about payroll and Plaintiff's admitted failures to submit time cards and properly pay overtime (Def.'s SOF ¶¶ 26-30, 32-34, 70-73), Slate referenced "five to ten" phone calls she

7

received from employees complaining about payroll (Def.'s SOF ¶ 41); Donaghue noted having "recurring conversations" about Plaintiff's problems and the fact that Plaintiff could not answer questions she should have been able to answer (Def.'s SOF ¶¶ 40, 45). The testimony, the warnings themselves and Plaintiff's *own admissions* of some of the conduct at issue, leave no question that Acme believed that Plaintiff's warnings and requested step-down were due to Plaintiff's poor performance and not her age. (Def.'s SOF ¶¶ 26, 28, 34, 70-71, 79, 80, 84). Her objections are baseless.

Plaintiff's attempt to obtain a favorable inference from the documents underlying her counseling memos is severely misguided. First, as stated above, the documents underlying Plaintiff's warnings are irrelevant; as the inquiry is not whether the employer can substantiate the non-discriminatory reasons for its actions, but whether it acted on them. Second, there is not even a scintilla of evidence indicating that these documents, which unequivocally supported Plaintiff's performance warnings, could be viewed as favorable to Plaintiff. Nobody—not even Plaintiff—testified that they could be. Plaintiff's reliance on *Kounelis v. Sherrer*, 529 F. Supp. 2d 503 (D.N.J. 2008) only underscores the depth of her misunderstanding. *Kounelis* is a prison abuse case. The prisoner was found guilty and detained for fifteen days for an altercation with an officer that was purportedly caught on video tape, which was destroyed. *Id.* at 512. The prisoner was awarded an inference that the unknown and unreviewed contents of the tape would be favorable because the destruction of the tape deprived him of his Constitutional right to "marshal the facts and prepare a defense." *Id.* at 524. This, by contrast, is an age discrimination case. Plaintiff did not face a prison hearing and detention, she faced counseling and a non-disciplinary warning. Plaintiff did not have a constitutional right to "marshal the facts and prepare a defense" to contest her employer's counseling memos. *Id.* at 524. Prooving the details

of Plaintiff's conduct is not a "core issue" here, as it is in a detention hearing; in fact, it is not even *an* issue in the Third Circuit's employment law framework. *See* Def.'s Br. in Support of Summary Judgment, Docket No. 35, at p. 27. The question in Plaintiff's case is whether Acme acted because of age; it is not whether Plaintiff actually engaged in the conduct which, again unlike *Kounelis*, she largely admits. Moreover, the documents over which Plaintiff quibbles have nothing to do with the only adverse action in this case: Plaintiff's suspension for stealing time. Plaintiff's objection could not be more frivolous.

      Finally, Plaintiff fails to show how Judge Caracappa's denial of her request for attorney's fees is an error of law or abuse of discretion. Plaintiff criticizes the Order for denying her request for fees "without explanation"; however, she cites no authority that an explanation is needed. She claims monetary sanctions are needed to discourage "the flouting of court rules and order"; but she cannot cite a court rule or order that Acme violated. Plaintiff cites cases issuing sanctions under Fed. R. Civ. P. 37, but that rule is not at issue here and, in any event, states that "[a]bsent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." Fed. R. Civ. P. 37(e). Plaintiff cites no binding principle that Judge Caracappa failed to apply and does nothing to call her discretionary denial of attorney's fees into question. To the contrary, the frivolous nature of Plaintiff's objections and her improper surreply-qua-motion for sanctions are, by themselves, sufficient reasons for *not* awarding sanctions. If the motion were anything other than an attempt to achieve windfall evidentiary findings to elevate baseless substantive claims, it could have waited until after summary judgment.

To the extent Plaintiff sought to raise objections other than those countered here, they are not sufficiently stated in Plaintiff's Objections and, therefore, do not meet the "clearly erroneous" standard required for reversal. Accordingly, Plaintiff's Objections should be denied in their entirety and the Court should Order that no sanctions were appropriate.

## V.  CONCLUSION

For any and all of the foregoing reasons, Plaintiff's Objections should be Denied in their entirety and this Court should Order that no sanctions were appropriate.

Respectfully submitted,

/s/ Elizabeth A. Malloy            (EM962)
Elizabeth A. Malloy
Jeffrey F. Klamut
Buchanan Ingersoll & Rooney, PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA   19102-2555
Phone:  (215) 665-5310
Fax:  (215) 665-8760

DATED:  August 22, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2011, I caused to be served a true and correct copy of Defendant Acme Markets, Inc.'s Response to Plaintiff's Objections to Magistrate Judge Caracappa's Order of July 15, 2011 to be filed via the Office Court Electronic Document Filing System. The aforementioned document is now available for viewing and downloading from the ECF system. By virtue of this filing, service is complete upon the following:

>Marian K. Schneider, Esquire
>295 E. Swedesford Road, #348
>Wayne, PA 19087
>Attorney for Plaintiff

*/s/ Elizabeth A. Malloy*   (EM962)
ELIZABETH A. MALLOY